THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, DANIEL E. LÓPEZ PRITCHARD, JUDGE, Respondent.

No. C-65-115.    Decided January 20, 1966.

*J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for petitioner. Defendant did not appear.

PER CURIAM: Julio Mercado Mendoza was prosecuted for a violation of § 8 of the Weapons Law, 25 L.P.R.A. § 418, consisting in carrying on his person a loaded firearm. Weighed in the manner most favorable to defendant, the evidence shows that in the early morning hours—between 3:30 and 4:00 a.m.—Mercado was on his way to the Commonwealth Police Club situated in Gurabo for the purpose of practicing target

---

[5] See, also, *South P.R. Sugar Corporation* v. *Sugar Board of P.R.,* JA-65-2.

shooting; that for that purpose he carried in his car a *loaded* revolver wrapped in a piece of flannel and placed in a small box inside the compartment of the vehicle; that on his way to his destination he sustained an accident, as a result of which the car was rendered unserviceable; that in order "to protect" the weapon and prevent that it be used in the commission of an offense, he took it out of the compartment and placed it under his shirt. The weapon was seized when he was searched at the scene of the accident by a police sergeant, following his arrest for driving under the influence of intoxicating liquor.

A court without a jury found him guilty. The defense moved for reconsideration on the ground that the Weapons Law (felony) was not applicable, since the revolver was registered pursuant to the provisions of the Target Shooting Act, 15 L.P.R.A. § 371 *et seq.* It was so held by the trial judge, who determined that the penalty would be imposed in accordance with the latter Act (misdemeanor). We decided to review this ruling.

Section 35 of Act No. 17 of January 19, 1951, 25 L.P.R.A. § 445, provides that the Weapons Law shall not apply to the possession and carrying of target-shooting arms, the latter being governed by the acts in force on the matter. At first blush it would seem that the carrying, in violation of the law,[1] of an arm used for practicing such sport is not governed by the well-known provisions on the carrying of weapons. However, § 5 *supra* of the Target Shooting Act provides that a target-shooting license authorizes the holder thereof to carry the usual target-shooting weapons from

---

[1] Section 5 of the Target Shooting Act provides that a target-shooting license shall in no case authorize its holder to carry weapons in a pocket, in his hands, on his waist, or in holsters or cases hanging from his belt or shoulder, or any part of the human anatomy, but shall at all times be carried in a box, suitcase, or case, and the weapons *shall always be unloaded,* save at the usual practice range or at the range where a championship is being held, and during such practice or contest.

his residence to the usual range for target practice, provided such weapons are registered in the target-shooting register; "Provided, That any person holding a target-shooting license from whom a weapon is seized on an occasion other than those authorized by the provisions of this section shall be guilty of the offense of unlawful carrying of weapons and liable for the penalties prescribed by law." We therefore see how the Act itself which regulates the sport refers to the general Act on the matter, to punish, as a modality of the usual offense of carrying of weapons, the carrying without a license or in violation of the Act of a target-shooting arm.[2] As stated by the Solicitor General, the historical antecedents —§ 2a of Act No. 59 of May 7, 1937 (Sess. Laws, p. 180), § 4a of Act No. 16 of January 19, 1951 (Sess. Laws, p. 412) —also clearly sustain this conclusion.

The order of the Superior Court, San Juan Part, of August 30, 1965, will be set aside and the case remanded for further proceedings consistent herewith.

---

[2] The only offense specifically punishable by the Target Shooting Act refers to the falsity of the sworn declaration accompanying the application for the original license.

The Target Shooting Regulations, 15 R.&R.P.R. § 373–1 *et seq.*, prescribe a penalty for the violation of the provisions thereof, but none of these cover the situations on the occasions authorized for the carrying of target-shooting arms or the manner of carrying them.